# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>  v.<br><br>JOHNNY-LEE PRESTON BURK,<br><br>        Defendant. | Case No. 3:23-cr-00078-SLG-MMS |

**ORDER RE MOTION REQUESTING CHANGE OF VENUE AND STAY**

Before the Court at Docket 33 is Defendant Johnny-Lee Burk's Motion Requesting Change of Venue and Stay.[1] The Government responded in opposition at Docket 37. Mr. Burk also filed an errata to the motion at Docket 38 and a Supplemental Motion Requesting Change of Venue and/or Recusal at Docket 40.

Mr. Burk requests a change of venue or that all of the judges in the District of Alaska recuse themselves from this case; he alleges that the judges in this district have exhibited "confirmation bias" against him and that he would "suffer from extreme prejudice" if his case continues here.[2] Mr. Burk contends that the three district judges in front of whom he has appeared in the District of Alaska have

---

[1] Mr. Burk also submitted a notice of errata at Docket 38.

[2] Docket 33 at 1; Docket 40 at 1.

made various statements and rulings adverse to him.³ First, he asserts that Judge Beistline stated that Mr. Burk "would be 'in trouble' if he ever came before the Court again," and that this statement "demonstrates the likelihood of a punative [sic] animus by this Court against Burk personally."⁴ Second, Mr. Burk asserts that the undersigned judge made an adverse ruling against him with regards to a plea agreement, which he maintains showed "Punative [sic] Animus and Bias" against him.⁵ Third, Mr. Burk contends that Judge Kindred stated that the Court does "not take Pro Se litigants['] filings as serios [sic] as if they were filed by an attorney."⁶ Mr. Burk thus requests "a change of venue and/or recusal" of all of the district's judges, but requests that he be allowed to remain at Anchorage Correctional Complex – East or the Mat-Su Pretrial Facility due to pending state charges.⁷ He asserts that he "would suffer prejudice from being physically transferred to another District due to losing . . . accumulated discovery and material" related to his case and proposes that he be transferred to a different district closer to his trial date should the Court grant his motion to change venue.⁸ In addition, Mr. Burk requests

---

³ Docket 33 at 1-7.

⁴ Docket 33 at 2.

⁵ Docket 33 at 4-5.

⁶ Docket 33 at 6.

⁷ Docket 40 at 1. *See also* Docket 38 at 1 (Mr. Burk stating that his "Motion for Change of Venue would likely be better interpreted as a Motion for the Recusal of the entire Alaska Federal District Court").

⁸ Docket 40 at 1-2.

Case No. 3:23-cr-00078-SLG-MMS
Order re Motion Requesting Change of Venue and Stay
Page 2 of 5
Case 3:23-cr-00078-SLG-MMS   Document 46   Filed 02/05/24   Page 2 of 5

that the Court stay his case until the Court rules on his motion to change venue, "as well as any potential appeal of" the Court's ruling if the Court denies his request.[9]

"[C]riminal trials generally must take place in the same state and district where the crime took place."[10] However, "[u]pon the defendant's motion, the court must transfer the proceeding against that defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there."[11] As the Government points out, all of the charged offenses against Mr. Burk took place within the District of Alaska, "where all the victim, witnesses, attorneys, and investigators are based."[12] Accordingly, it is appropriate for trial to take place in this district. Moreover, Mr. Burk has not made any showing that he would suffer "so great a prejudice" that his case must be transferred to another district.[13]

Mr. Burk also seeks to disqualify all of the district judges in this district from presiding in this case. He asserts that he would "suffer from extreme prejudice" if a District of Alaska judge presides over this case, due to statements or rulings

---

[9] Docket 33 at 8.

[10] *United States v. Lozoya*, 982 F.3d 648, 651 (9th Cir. 2020) (first citing U.S. Const. art. III, § 2, cl. 3; and then citing U.S. Const. amend. VI).

[11] Fed. R. Crim. P. 21(a).

[12] *See* Docket 37 at 2-3; Docket 31 (1st Superseding Indictment).

[13] Fed. R. Crim. P. 21(a). Mr. Burk does not identify another district which would be appropriate to hear his case.

Case No. 3:23-cr-00078-SLG-MMS
Order re Motion Requesting Change of Venue and Stay
Page 3 of 5
Case 3:23-cr-00078-SLG-MMS   Document 46   Filed 02/05/24   Page 3 of 5

made by three of the district judges in this district,[14] However, this case is currently before the undersigned judge only; as such, any statements made by Judge Beistline or Judge Kindred are irrelevant to Mr. Burk's instant case.[15] Thus, the Court considers Mr. Burk's claim against the undersigned judge only.

A judge is required to disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned" or "[w]here [s]he has a personal bias or prejudice concerning a party."[16] While a judge must recuse herself if "a reasonable person with knowledge of all the facts would conclude that [her] impartiality might reasonably be questioned,"[17] "she must not simply recuse out of an abundance of caution when the facts do not warrant recusal. Rather, there is an equally compelling obligation not to recuse where recusal in not appropriate."[18] A motion for recusal must be decided by "the very judge whose impartiality is being

---

[14] Docket 33 at 1; Docket 40 at 1.

[15] The Government disputes Mr. Burk's characterization of Judge Kindred's statements. The Government asserts that "the record makes it clear that Judge Kindred was explaining to Burk that he was receiving *more* latitude as a pro se litigant, because an attorney would have been sanctioned for the same filings." Docket 37 at 4 (emphasis in original). The Government further notes that "Judge Kindred has already recused himself from this case," and that Judge Beistline is unlikely to take any action in this case, but that "Burk will be free to argue for his recusal at that point" if Judge Beistline does participate in the future. Docket 37 at 4.

[16] 28 U.S.C. § 455(a), (b)(1).

[17] *Perry v. Schwarzenegger*, 630 F.3d 909, 911 (9th Cir. 2011) (citation omitted).

[18] *United States v. Sierra Pac. Indus.*, 759 F. Supp. 2d 1198, 1200-01 (E.D. Cal. 2010) (citing *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) ("We are as bound to recuse ourselves when the law and facts require as we are to hear cases when there is no reasonable factual basis for recusal.")).

Case No. 3:23-cr-00078-SLG-MMS
Order re Motion Requesting Change of Venue and Stay
Page 4 of 5
Case 3:23-cr-00078-SLG-MMS   Document 46   Filed 02/05/24   Page 4 of 5

questioned."[19] Mr. Burk contends that the undersigned judge previously made an adverse ruling against him in a separate case.[20] But "a judge's prior adverse ruling is not sufficient cause for recusal,"[21] as "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[22] Apart from alleging that the undersigned judge made an adverse ruling against him, Mr. Burk does not present any other reason for why this judge should recuse herself from this matter. Accordingly, the Court finds that there is no compelling reason here that warrants recusal. Because the Court denies Mr. Burk's request for a change of venue and motion for recusal, the Court also denies his request for a stay.

In light of the foregoing, IT IS ORDERED that Mr. Burk's Motion Requesting Change of Venue and Stay at Docket 33 and Supplemental Motion Requesting Change of Venue and/or Recusal at Docket 40 are each DENIED.

DATED this 5th day of February, 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[19] *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994) (citations omitted).

[20] The separate case Mr. Burk refers to is *United States v. Burk*, Case No. 3:19-cr-00117-SLG. *See* Docket 33 at 4.

[21] *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986).

[22] *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted).

Case No. 3:23-cr-00078-SLG-MMS
Order re Motion Requesting Change of Venue and Stay
Page 5 of 5
Case 3:23-cr-00078-SLG-MMS   Document 46   Filed 02/05/24   Page 5 of 5