IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>  v.<br><br>JOHNNY-LEE PRESTON BURK,<br><br>        Defendant. | Case No. 3:23-cr-00078-SLG-MMS |

**ORDER RE SECOND MOTION TO DISMISS, REQUEST FOR HEARING, MOTION IN LIMINE, AND SUPPLEMENTAL REQUEST FOR HEARING**

Before the Court at Docket 82 is Defendant Johnny-Lee Burk's Second Motion to Dismiss[1]; the Government responded in opposition at Docket 96. At Docket 85, Mr. Burk requested an evidentiary hearing on his Second Motion to Dismiss; the Government responded in opposition at Docket 98. At Docket 90 is Mr. Burk's Motion in Limine; the Government responded in opposition at Docket 97. And at Docket 101 is Mr. Burk's Supplemental Filing Asserting Need for Evidence Hearing.

Mr. Burk was arrested on May 23, 2023, by Alaska State Troopers after an alleged burglary.[2] He was charged with burglary and theft in his state case[3] and

---

[1] The Court ruled on this motion on the record except as to the double jeopardy issues that Mr. Burk raises, which are addressed in this order. Docket 88.

[2] Docket 82 at 1.

[3] *State v. Burk*, Case No. 3PA-23-01032CR (Alaska Sup. Ct. filed May 24, 2023).

with possession of stolen firearms and ammunition and being a felon in possession of firearms and ammunition in his federal case pending before this Court.[4] Mr. Burk is currently incarcerated by the Alaska Department of Corrections ("DOC") at the Anchorage Correctional Complex East for his pending state case, this federal case, and a separate federal case for a supervised release violation.[5]

I. **Second Motion to Dismiss**

Mr. Burk moves to dismiss this case based on double jeopardy. The Fifth Amendment's Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb."[6] It protects criminal defendants from "a second prosecution for the same offense after acquittal," "a second prosecution for the same offense after conviction," and "multiple punishments for the same offense."[7] The clause's protections come into force at the point when "a defendant is 'put to trial before the trier of facts,'" at which time jeopardy "attaches."[8] In jury trials, jeopardy attaches when the jury has been

---

[4] Docket 31 (1st Superseding Indictment).

[5] Docket 82 at 2; Docket 96 at 2.

[6] U.S. Const. amend. V. The Fourteenth Amendment incorporates the Double Jeopardy Clause's protections against the States. *Benton v. Maryland*, 395 U.S. 784, 794 (1969).

[7] *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989).

[8] *Serfass v. United States*, 420 U.S. 377, 388 (1975) (quoting *United States v. Jorn*, 400 U.S. 470, 479 (1971)).

Case No. 3:23-cr-00078-SLG-MMS, *United States v. Burk*
Order re Second Motion to Dismiss, Request for Hearing, Motion in Limine, and Supplemental Request for Hearing
Page 2 of 9

Case 3:23-cr-00078-SLG-MMS   Document 103   Filed 06/11/24   Page 2 of 9

empaneled and sworn in.[9] In bench trials, jeopardy attaches when the judge begins to hear evidence,[10] which occurs when the first witness is sworn in.[11]

Mr. Burk advances two reasons for dismissal in his motion. First, Mr. Burk contends that DOC's imposition of fees for local telephone calls by pretrial detainees amounts to punishment in violation of a settlement agreement in the Alaska state case *Cleary v. Smith*, "implicating [the] Double Jeopardy Clause."[12] Mr. Burk asserts that, as part of the *Cleary* agreement, DOC "may install coinless pay phones in each facility for local and long distance calls" but that "[n]o charge shall be assessed to the caller or recipient for local calls."[13] Mr. Burk maintains, however, that DOC "has continued to impose a fee for local calls since approximately January 2015 in direct violation of that agreement, . . . amounting to a direct form of punishment as a result."[14] Mr. Burk asserts that, because the Due Process Clause prohibits punishment of pretrial detainees, of which he is one, having to pay for local phone calls is unconstitutional.[15] Mr. Burk further maintains

---

[9] *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 569 (1977). The Fourteenth Amendment incorporates the jury trial jeopardy-attachment rule against the States. *Crist v. Bretz*, 437 U.S. 28, 37-38 (1978).

[10] *Martin Linen*, 430 U.S. at 569.

[11] *Crist*, 437 U.S. at 37 n.15.

[12] Docket 82 at 4 (citing *Cleary v. Smith*, Case No. 3AN-81-05274CI (Alaska Sup. Ct. judgment entered Sept. 23, 1990)).

[13] Docket 82 at 4 (quoting Docket 82-1 at 23 (*Cleary* settlement agreement)).

[14] Docket 82 at 4.

[15] Docket 82 at 5.

Case No. 3:23-cr-00078-SLG-MMS, *United States v. Burk*
Order re Second Motion to Dismiss, Request for Hearing, Motion in Limine, and Supplemental Request for Hearing
Page 3 of 9
Case 3:23-cr-00078-SLG-MMS   Document 103   Filed 06/11/24   Page 3 of 9

that DOC's violation of the *Cleary* agreement constitutes cruel and unusual punishment.[16]

Second, Mr. Burk contends that since he is already being punished by being charged for making local phone calls from the jail, any further sentence imposed by this Court would violate double jeopardy.[17]

Mr. Burk's arguments are unavailing for several reasons. First, as Mr. Burk notes, he is before this Court on federal, not state charges,[18] and the *Cleary* agreement does not apply to "individuals charged only with a federal offense or offenses."[19] Even if the *Cleary* agreement applies to Mr. Burk, that agreement lays out a grievance procedure for any allegations of noncompliance with the agreement, and Mr. Burk has not shown that he has first exhausted the administrative grievance procedure set forth in the agreement.[20] Further, were he to exhaust the administrative grievance procedure, enforcement of the agreement must be sought in Alaska Superior Court; it is not enforceable in this federal Court, and not in this criminal proceeding.[21] Next, while Mr. Burk contends that the *Cleary*

---

[16] Docket 82 at 7.

[17] Docket 82 at 8.

[18] Docket 82 at 7.

[19] Docket 82-1 at 4 n.1.

[20] Docket 82-1 at 55-59.

[21] The agreement provides that inmates must first exhaust the administrative grievance procedure set forth in the agreement before seeking enforcement in "the court in this case," which is the Alaska Superior Court. *See* Docket 82-1 at 59; Docket 96-1 at 1.

Case No. 3:23-cr-00078-SLG-MMS, *United States v. Burk*
Order re Second Motion to Dismiss, Request for Hearing, Motion in Limine, and Supplemental Request for Hearing
Page 4 of 9
Case 3:23-cr-00078-SLG-MMS   Document 103   Filed 06/11/24   Page 4 of 9

agreement prohibits DOC from charging for local phone calls, that prohibition was only in effect for one year after the settlement agreement was reached in 1990. Thereafter, the agreement expressly permits DOC to charge no more than $0.50 per call for local calls "[i]f, after one year of operation on a statewide basis, revenues from toll calls are insufficient to pay for the cost of local calls in the coinless pay phone system."[22] In addition, Mr. Burk cites to no authority, and the Court is unaware of any, that stands for the proposition that assessing a fee for local phone calls from prison constitutes punishment.[23] And even if a phone call fee could constitute punishment, Mr. Burk would need to show that he is being punished for the same criminal offense for which he was previously punished by the same sovereign.[24] And since jeopardy does not attach until a jury has been sworn in and Mr. Burk's case is still in the pretrial phase, Mr. Burk's double jeopardy argument is inapplicable here.[25] Finally, as to Mr. Burk's contention that DOC's violation of the *Cleary* agreement constitutes cruel and unusual

---

[22] Docket 82-1 at 23.

[23] *See Norwood v. Carter*, Case No. 22-cv-02862-JPG, 2023 WL 5431783, at *3 (S.D. Ill. Aug. 23, 2023) ("The Court is unaware of a federal regulation or state statute that caps the amount county jails can charge for phone calls. The Seventh Circuit has held that telephone rates, even high rates, do not violate the First Amendment." (citing *Arsberry v. Illinois*, 244 F.3d 558, 564 (7th Cir. 2001))).

[24] *See* Docket 96 at 3-4; *Gamble v. United States*, 587 U.S. 678, 686-91 (2019) (holding that the Double Jeopardy Clause allows successive prosecutions of the same offense by separate sovereigns, e.g., by a state government and by the federal government).

[25] *Martin Linen*, 430 U.S. at 569.

Case No. 3:23-cr-00078-SLG-MMS, *United States v. Burk*
Order re Second Motion to Dismiss, Request for Hearing, Motion in Limine, and Supplemental Request for Hearing
Page 5 of 9
Case 3:23-cr-00078-SLG-MMS   Document 103   Filed 06/11/24   Page 5 of 9

punishment, the Eighth Amendment's ban against cruel and unusual punishment applies only after conviction, and hence is inapplicable here.

For all these reasons, the Court denies Mr. Burk's second motion to dismiss.

## II. Request & Supplemental Request for Evidentiary Hearing

Mr. Burk requests an evidentiary hearing in support of his motion to dismiss in order to examine DOC officers regarding the *Cleary* agreement and the fees imposed for local calls and for "other material facts that support [his] claim that Double Jeopardy exists."[26] However, because the Court finds that Mr. Burk's double jeopardy arguments fail, including his argument regarding the *Cleary* agreement, no evidentiary hearing is needed. The Court therefore denies Mr. Burk's initial and supplemental requests for an evidentiary hearing.

## III. Motion in Limine

In Mr. Burk's motion in limine, he requests that the home security video footage taken of the home burglary that he was allegedly involved in be barred from use at trial by the Government.[27] Mr. Burk asserts that the video footage is "incomplete and starts and stops throughout the whole incident, leaving out large chunks of time during the incident."[28] Mr. Burk further maintains that the video

---

[26] Docket 85; Docket 101 at 1-2. And, in any event, it is unclear why Mr. Burk would not know how much he is being charged for local phone calls.

[27] Docket 90 at 1-2.

[28] Docket 90 at 1-2.

Case No. 3:23-cr-00078-SLG-MMS, *United States v. Burk*
Order re Second Motion to Dismiss, Request for Hearing, Motion in Limine, and Supplemental Request for Hearing
Page 6 of 9
Case 3:23-cr-00078-SLG-MMS    Document 103    Filed 06/11/24    Page 6 of 9

footage could potentially prejudice him because it violates the rule of completeness, since "a significant amount of information and evidence" favoring Mr. Burk could have been "edit[ed] out."[29]

The Government responds that it "did not edit the videos before producing them to [Mr. Burk]" and that, although "the surveillance video of his crime is in several files," "[t]his is consistent with security systems that record when motion is detected."[30] The Government further asserts that while the rule of completeness "allows the opposing party to introduce the remainder [of a document] without additional foundation," the rule "does not prohibit the admission of incomplete documents."[31] The Government therefore maintains that the rule of completeness would not permit total exclusion of the video evidence.[32]

The rule of completeness, contained at Federal Rule of Evidence 106, provides: "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." Rule 106 also applies to recordings, including

---

[29] Docket 90 at 2.

[30] Docket 97 at 1.

[31] Docket 97 at 2 (first quoting Walz Evidence Outline § II.D.; and then citing *United States v. Phillips*, 543 F.3d 1197, 1203 (10th Cir. 2008)).

[32] Docket 97 at 1-2.

Case No. 3:23-cr-00078-SLG-MMS, *United States v. Burk*
Order re Second Motion to Dismiss, Request for Hearing, Motion in Limine, and Supplemental Request for Hearing
Page 7 of 9
Case 3:23-cr-00078-SLG-MMS    Document 103    Filed 06/11/24    Page 7 of 9

video footage, but it "does not compel the admission of inadmissible hearsay evidence simply because such evidence is relevant to the case."[33]

The Court agrees with the Government and finds that the rule of completeness is inapplicable at this stage of the proceedings. Even if the video footage consists only of a "series of video clips of the incident" and not a recording of the entire incident,[34] the rule of completeness would not prohibit introduction of those video clips if they are the only video clips that exist. But, if, at trial, the Government decides to introduce only a portion of those video clips, then the rule of completeness would allow Mr. Burk to introduce other parts of those video clips that are not only relevant but "that in fairness ought to be considered at the same time."[35] Because there is no evidence that there is additional video footage beyond what the Government has already produced, the Court denies Mr. Burk's motion in limine. However, if the Government intends to introduce the home security video footage at trial, the Court expects the Government to lay a foundation consistent with its response here that the home security video system only records "when

---

[33] *See United States v. Lopez*, 4 F.4th 706, 715 (9th Cir. 2021).

[34] *See* Docket 90 at 2.

[35] Fed. R. Evid. 106. *See Lopez*, 4 F.4th at 715 (holding that the trial court abused its discretion by "categorically excluding the entirety of the remaining interrogation footage as inadmissible hearsay" when the government's selected video excerpts "risked misleading the jury by making it seem as though Lopez confessed during interrogation to believing 'Brit' was underage when, in reality, the full recording convey[ed] a different impression").

Case No. 3:23-cr-00078-SLG-MMS, *United States v. Burk*
Order re Second Motion to Dismiss, Request for Hearing, Motion in Limine, and Supplemental Request for Hearing
Page 8 of 9
Case 3:23-cr-00078-SLG-MMS   Document 103   Filed 06/11/24   Page 8 of 9

motion is detected."[36]

## CONCLUSION

In light of the foregoing, IT IS ORDERED that:

- Mr. Burk's Second Motion to Dismiss at Docket 82 as to the double jeopardy issue is DENIED;

- Mr. Burk's request for an evidentiary hearing on his Second Motion to Dismiss at Docket 85 is DENIED;

- Mr. Burk's Motion in Limine at Docket 90 is DENIED; and

- Mr. Burk's Supplemental Filing Asserting Need for Evidence Hearing at Docket 101 is DENIED.

DATED this 11th day of June, 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[36] Docket 97 at 1.

Case No. 3:23-cr-00078-SLG-MMS, *United States v. Burk*
Order re Second Motion to Dismiss, Request for Hearing, Motion in Limine, and Supplemental Request for Hearing
Page 9 of 9
Case 3:23-cr-00078-SLG-MMS   Document 103   Filed 06/11/24   Page 9 of 9