# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                     Plaintiff,<br><br>              v.<br><br>JOHNNY-LEE PRESTON BURK,<br><br>                   Defendant. | Case No. 3:23-cr-00078-SLG-MMS |

## ORDER RE MOTION TO SUPPRESS

Before the Court at Docket 115 is Defendant Johnny-Lee Preston Burk's Motion to Suppress. The Government responded in opposition at Docket 122.

The facts of this case are detailed in the Court's prior order denying Mr. Burk's first motion to suppress.[1] Mr. Burk was arrested in connection with the burglary of an apartment. During the burglary, several firearms and ammunition were stolen. Mr. Burk was charged with state crimes and was subsequently indicted on federal charges for possession of stolen firearms and ammunition and possession of firearms and ammunition as a convicted felon.[2]

After Mr. Burk was arrested, he was transported to the Mat-Su Pretrial facility.[3] Correctional staff placed Mr. Burk in a dry cell, where Mr. Burk claims he

---

[1] Docket 99 at 1-5.

[2] Docket 31 at 2-4; Docket 115 at 1.

[3] Docket 115 at 1; Docket 122 at 2.

was held for two days before being arraigned.[4] Mr. Burk maintains that he was placed in a dry cell solely because he is "John Burk"; the Government responds that Mr. Burk was placed in a dry cell after the facility security sergeant reviewed Mr. Burk's file and disciplinary history, which showed Mr. Burk was flagged as a smuggling risk and had prior reports for possession of contraband during his previous incarceration.[5]

While Mr. Burk was in the dry cell, correctional staff saw Mr. Burk acting suspiciously.[6] Staff searched Mr. Burk's cell and found a blue pill on the floor and more pills spilling from a hole in Mr. Burk's mattress.[7] In total, staff discovered approximately 50 blue pills, which were tested and determined to contain fentanyl.[8] Mr. Burk was indicted in a superseding indictment for possessing narcotic drugs in a correctional institution in violation of 18 U.S.C. § 1791(a)(2), (b)(1).[9]

In his motion to suppress, Mr. Burk contends that the fentanyl pills must be suppressed because the seizure of the pills violated the Fourth Amendment. Specifically, he maintains that his placement in a dry cell because he was "John

---

[4] Docket 115 at 2, 4; Docket 122 at 2-3.

[5] Docket 115 at 2, 4; Docket 122 at 2-3; Docket 122-1 at 1 (memorandum from security sergeant describing that Mr. Burk's smuggling risk and disciplinary history were why Mr. Burk was placed in a dry cell).

[6] Docket 122 at 3.

[7] Docket 122 at 3.

[8] Docket 115 at 2; Docket 122 at 3.

[9] Docket 105 at 5.

Case No. 3:23-cr-00078-SLG-MMS, *USA v. Burk*
Order re Motion to Suppress
Page 2 of 4
Case 3:23-cr-00078-SLG     Document 137     Filed 11/18/24     Page 2 of 4

Burk" and the lack of an arraignment for two days, allegedly in violation of Alaska law, requires suppression in this case.[10]

While, as Mr. Burk notes, it is true that a "prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime," "[l]awful imprisonment necessarily makes unavailable many rights and privileges of the ordinary citizen, a 'retraction justified by the considerations underlying our penal system.'"[11] One such privilege unavailable to those housed in correctional institutions is an expectation of privacy in the place where one lives. In *Hudson v. Palmer*, the Supreme Court held that "society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell and that, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell."[12] That is because "[t]he recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions."[13]

Mr. Burk does not have a reasonable expectation of privacy in his cell. Therefore, the discovery of the pills in Mr. Burk's mattress and the seizure of the

---

[10] Docket 115 at 4.

[11] *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974) (quoting *Price v. Johnston*, 334 U.S. 266, 285 (1948)).

[12] 468 U.S. 517, 526 (1984).

[13] *Id.*

Case No. 3:23-cr-00078-SLG-MMS, *USA v. Burk*
Order re Motion to Suppress
Page 3 of 4
Case 3:23-cr-00078-SLG   Document 137   Filed 11/18/24   Page 3 of 4

pills did not violate the Fourth Amendment. Further, it was not improper for correctional staff to place Mr. Burk in a dry cell because he was flagged as a smuggling risk and had previously been disciplined for possessing contraband while incarcerated.[14] Finally, any purported violation of Alaska state law as to when Mr. Burk must be arraigned after arrest does not bear on the constitutionality of the seizure of the pills from his cell. As such, Mr. Burk's Motion to Suppress at Docket 115 is **DENIED**.

DATED this 18th day of November, 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[14] *Bell v. Wolfish*, 441 U.S. 520, 547 (1979) ("Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.").

Case No. 3:23-cr-00078-SLG-MMS, *USA v. Burk*
Order re Motion to Suppress
Page 4 of 4
Case 3:23-cr-00078-SLG    Document 137    Filed 11/18/24    Page 4 of 4